## Fielding v. Fielding

Frederick S. Wolfson, of *Egli, Walter, Reilly & Wolfson*, for plaintiff.

Bernerd A. Buzgon, of *Davis, Katz, Buzgon & Davis*, for defendant.

GATES, *P. J.*, April 11, 1975—On September 18, 1973, Thomas Fielding filed an action in divorce complaining of indignities to his person by his wife.

On February 19, 1974, Simona L. Fielding filed an answer to the complaint in divorce denying indignities to her husband and praying that his complaint be dismissed. At the same time, she filed a counterclaim charging her husband with indignities and asking for a decree in divorce from the bonds of matrimony.

Shortly after instituting the divorce action, Thomas Fielding moved to Bacon County, Georgia, where he has been living and working for nearly two years.

On April 1, 1974, on plaintiff's motion we appointed a master to take testimony and make recommendations and report to the court.

On February 5, 1975, plaintiff filed a petition for a discontinuance of his complaint in divorce.

On February 13, 1975, defendant answered the petition requesting that plaintiff's discontinuance petition be dismissed. In her answer, she avers that she desires to have her counterclaim in divorce to remain open upon the record.

Defendant argues that the discontinuance should be disallowed because she has filed a counterclaim and because plaintiff merely wishes to discontinue his divorce action in order to commence a new action in the State of Georgia. This argument is more rhyme than reason. By discontinuing plaintiff's complaint, she would merely proceed on her counterclaim, have a master's hearing and most likely obtain what she seeks, namely, a Pennsylvania divorce.

We seriously question whether or not plaintiff needs our approval to discontinue the divorce in light of Pa.R.C.P. 229. The applicability of the rule in a divorce proceeding is capably treated by Judge Chauncey Depuy in Elliott v. Elliott, 30 D. & C. 2d 533 (1963), and we concur in his conclusion. Furthermore, we fail to see how defendant will in any way be harmed by the discontinuance. There is no means of forcing a plaintiff to proceed further in the case. No law compels him to proceed. He does not have to come to Pennsylvania to the master's hearing and he cannot be compelled to do so.

Defendant urges that, should plaintiff's complaint be discontinued, we should order him to pay her counsel fees. We know of no authority to award counsel fees to a wife in absence of a petition, notice and a hearing.

## ORDER

And now, April 11, 1975, the clerk of court is ordered to discontinue plaintiff's complaint in divorce, with leave to defendant to proceed on her counterclaim as prayed for in her answer.